UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,                                  Criminal No. 99-371 (RHK)
                                                      Civil No. 04-4322 (RHK)
vs.                                                    **ORDER**

Kent David Olson,

        Defendant.

---

Defendant Olson was convicted by a jury of two bank robberies. After an appeal to the Eighth Circuit, this matter was remanded to this Court for re-sentencing; he was then sentenced as a career offender to a prison term of 168 months.

The Section 2255 Petition, now before the Court, alleges (1) that he was wrongly sentenced as a "career offender" because his state conviction for making "terroristic threats" should not have been classified as a "crime of violence" for federal sentencing purposes, and (2) he received ineffective assistance of counsel because <u>Blakely and Booker</u>-type issues were not raised at sentencing–the Court notes that neither case had been decided at the time of his sentencing in September 2003.

With respect to the career offender issue, the Court determines that Defendant's position is without merit. Although there may be some doubt as to whether his conviction for terroristic threats is a crime of violence,[1] Petitioner also has three convictions for auto theft and one for escape. Each of these convictions clearly qualifies as a crime of violence

---

[1] <u>See</u> <u>United States v. Naranjo-Hernandez</u>, 2005 WL 1220833 (5th Cir. 2005).

for purposes of determining career offender status.  See <u>United States v. Sun Bear</u>, 307 F.3d 747 (8th Cir. 2002) and <u>United States v. Nation</u>, 243 F.3d 467 (8th Cir. 2001).

Petitioner's <u>Blakely/Booker</u> claim is likewise without merit.  The Eighth Circuit has recently held that a defendant may not collaterally attach his sentence based on <u>Booker</u>.  <u>See</u> <u>Never Misses a Shot v. United States</u>, ___ F.3d ___, 2005 WL 1569403 (8th Cir. 2005).

For the foregoing reasons, and upon all the files, records and proceedings herein, **IT IS ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence (2255) (CR-99-371, Doc. No. 81; CV-04-4322, Doc. No. 1) is **DENIED**.

Dated:  July 27, 2005

                                                     s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge